KM

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Alberto Pacheco Dominguez, | No. CV-26-00645-PHX-SHD (JZB) |
| Petitioner, | **ORDER** |
| v. | |
| Pamela Bondi, et al., | |
| Respondents. | |

Petitioner filed this action under 28 U.S.C. § 2241 challenging his immigration detention. (Doc. 1.) A district court in the Central District of California recently certified a class that includes Petitioner. *Bautista v. Santacruz*, CV-25-01873-SSS-BFM, 2025 WL 3288403, at *1 (C.D. Cal. Nov. 25, 2025). On December 18, 2025, the *Bautista* court entered judgment under Rule 54(b), declaring "the Bond Eligible Class members are detained under 8 U.S.C. § 1226(a) and are not subject to mandatory detention under § 1225(b)(2)" and vacating "the Department of Homeland Security policy described in the July 8, 2025, 'Interim Guidance Regarding Detention Authority for Applicants for Admission' under the Administrative Procedure Act as not in accordance with law. 5 U.S.C. § 706(2)(A)." *Bautista v. Santacruz*, CV-25-01873-SSS-BFM (C.D. Cal. Dec. 18, 2025). Pursuant to that judgment, Petitioner is entitled to be released from custody or provided a bond redetermination hearing within ten days.

Alternatively, the Court has reviewed the Petition and concludes Petitioner is entitled to relief regardless of *Bautista*. The Court grants relief based on its independent

view that Petitioner's detention is governed by § 1226 and not § 1225 for the reasons set forth in *Echevarria v. Bondi,* 2025 WL 2821282 (D. Ariz. 2025) (determining § 1226(a) applies in this circumstance).[1]

**IT IS ORDERED**:

(1)     Counsel for Petitioner must **immediately** serve the Petition (Doc. 1) Respondents.

(2)     If not already issued, the Clerk's Office must issue any properly completed summonses.

(3)     The Clerk of Court must immediately transmit by email a copy of this Order and the Petition to the United States Attorney for the District of Arizona, to the attention of Katherine Branch at katherine.branch@usdoj.gov, Melissa Kroeger     at     melissa.kroeger@usdoj.gov,     Lon     Leavitt     at lon.leavitt@usdoj.gov, and Theo Nickerson at Theo.Nickerson2@usdoj.gov.

(4)     Petitioner's Petition for Writ of Habeas Corpus (Doc. 1) is **granted**.

(5)     Respondents must provide Petitioner a bond redetermination hearing within **ten days** or release her from custody under the same conditions that existed before her detention.

(6)     Respondents must provide a notice of compliance within **three days** of releasing Petitioner or providing her a bond hearing.

. . . .

. . . .

. . . .

---

[1]     The Court has reviewed Respondents' responses in other habeas cases that present this issue and notes that those responses effectively reassert the same arguments concerning the impact of *Bautista* and disputing the Court's conclusion in *Echevarria.* Accordingly, the Court grants relief without requiring a response.     Nonetheless, Respondents may seek reconsideration of this Order in the event they believe Petitioner is not, in fact, a member of the *Bautista* class.  But the Court's review of the docket in this matter reflects he entered the United States approximately 25 years ago and is not an arriving alien subject to § 1225(b) but is subject to detention under § 1226(a). (Doc. 1 at 3.)    Additionally, Respondents may seek reconsideration based on new arguments challenging the conclusion reached in *Echevarria.*

(7)    Any pending motions are denied as moot and the Clerk of Court must enter judgment in Petitioner's favor and close this case.

Dated this 2nd day of February, 2026.

_____
Honorable Sharad H. Desai
United States District Judge